UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICIA GILL,

                Plaintiff,

-against-

NYACK COLLEGE, DR. ANDREW MERCURIO, DR. DEANNA KWAN, DR. CAROL ROBLES, MS. ELONA COLLINS, DR. CHARLES JOANIES and NEW YORK STATE DIVISION OF HUMAN RIGHTS,

                Defendants.

No. 17-CV-01770 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

*Pro se* plaintiff Patricia Gill ("Plaintiff") initiated this action pursuant to 42 U.S.C. § 1983 for alleged violations of the Americans with Disabilities Act (the "ADA") and the Rehabilitation Act of 1973 (the "Rehab Act") against Defendants Nyack College ("Nyack"), Dr. Andrew Mercurio, Dr. Deanna Kwan, Dr. Carol Robles, Ms. Elona Collins, Dr. Charles Joanies, and New York State Division of Human Rights ("NYSDHR") (collectively "Defendants"). (*See* Complaint, ("Compl.") (ECF No. 2).) Presently before this Court is Defendants' motion to dismiss Plaintiff's Complaint ("Defendants' Motion") filed on October 6, 2017. (*See* ECF No. 17.) For the following reasons, Defendants' Motion is GRANTED and the Complaint is dismissed with prejudice.

## PROCEDURAL BACKGROUND[1]

The following procedural facts—which are taken from the Complaint, documents annexed thereto, and matters of which the Court may take judicial notice—are construed in the light most

---

[1] In the exercise of judicial restraint, this Court need not to address the factual allegations pertaining to Plaintiff's claims, as the Court lacks subject matter jurisdiction over them.

1

favorable to Plaintiff, as she is the non-moving party.[2] *See, e.g., Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013); *Gonzalez v. Hasty*, 651 F.3d 318, 321 (2d Cir. 2011).

This is Plaintiff's second case before this Court seeking relief for alleged discrimination against a college. Her first case was initiated against Mercy College on August 29, 2017 and dismissed by this Court on April 23, 2018. In this action, Plaintiff sues Nyack, as well as various administrators at Nyack and the NYSDHR, as an entity. (*See* Compl. at 7-11.)[3] Plaintiff was formerly a student at Nyack, and while enrolled, informed the institution that she suffers from a specific form of dyslexia. (*See* Compl. at 18.) Plaintiff requested certain accommodations to assist her in learning, but despite such requests, she began failing classes and was ultimately asked to leave Nyack in late 2011. (*See* Compl. at 26.)

After Plaintiff was dismissed from Nyack, on April 24, 2012, she filed a complaint with the United States Department of Education, Office of Civil Rights ("OCR"), alleging, *inter alia*, disability discrimination. (*See* Aaron N. Solomon's Declaration in Support of Defendants' Motion to Dismiss (ECF No. 17) ("Solomon Decl.") Ex. B.)[4] OCR then conducted an investigation, which concluded on October 19, 2012, and resulted in a finding that there was insufficient evidence to support Plaintiff's claim that Nyack discriminated against her on the basis of her disability. (*See id.*, Ex. D.) Plaintiff then appealed the OCR's decision and such appeal was denied on August 15, 2013. (*See id.*, Ex. F.) On October 15, 2013, Plaintiff filed a complaint of discrimination with the

---

[2] "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Booker v. Griffin*, No. 16-CV-00072 (NSR), 2018 WL 1614346, at 4 (S.D.N.Y. Mar. 31, 2018). The Court assumes the truth of the facts alleged in Plaintiff's Complaint for purposes of this motion only.

[3] Due to Plaintiff's *pro se* status and the fact that her Complaint is the standard, fillable 42 U.S.C. § 1983 form complaint, all citations thereto will be to pages, not paragraphs.

[4] The Court will take judicial notice of the documents attached to Aaron N. Solomon's Declaration in Support of Defendants' Motion to Dismiss (ECF No. 17) ("Solomon Decl.") and consider them for purposes of this motion, as documents which are either incorporated by reference or integral to the Complaint. *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016); *see also Chambers v. Time Warner, Inc.*, 282 F.3d at 153 (2d Cir. 2002).

NYSDHR, (*see id.*, Ex. H), which was dismissed as untimely on April 11, 2014, (*see id.*, Ex. I), as it was not brought within one year of the alleged discriminatory conduct, (*id.*) The decision nevertheless informed Plaintiff that such a dismissal did not preclude her from initiating suit "in any court of appropriate jurisdiction", provided that she did so within the appropriate statute of limitations – in state court, within three years of the alleged discriminatory activity.[5] (*Id.*)

On July 7, 2014, after both the OCR and NYSDHR reviewed and denied Plaintiff's discrimination claim, Plaintiff filed an Article 78 Petition in New York State Supreme Court, County of New York (the "Article 78 Court") to review the NYSDHR's decision. (*See id.*, Ex. J.) Subsequently, on September 3, 2014, the Article 78 Court dismissed Plaintiff's Petition finding no error in the NYSDHR's determination that Plaintiff's claims were untimely based on the one-year filing deadline. (*See id.*, Exs. K, L.) The Article 78 Court determined that, for the purposes of establishing the one-year filing deadline pursuant to Executive Law § 297.5, the "last act of discrimination" occurred in February 2012; thus, Plaintiff's NYSDHR complaint would have been timely if filed before February 2013. (*Id.*, Ex. L at 2.) Plaintiff then appealed the decision to the Appellate Division. The Appellate Division affirmed the dismissal of Plaintiff's Article 78 Petition holding that Plaintiff failed to file her NYSDHR complaint of discrimination within the time afforded by Executive Law § 297.5. *See Matter of Gill v. Nyack College*, 136 A.D.3d 525, 525 (1st Dep't. 2016). Plaintiff's motion for re-argument before the Appellate Division was denied on June 14, 2016, (*see id.*, Ex. M), as was her motion for leave to appeal to the Court of Appeals on February 9, 2017, (*see id.*, Ex. N.)

---

[5] Plaintiff never filed such a complaint. Instead, the ensuing litigation was related to review of the administrative record by the Article 78 Court and subsequent appeals of the Article 78 Court's determination. Plaintiff did not avail herself of filing a separate complaint for alleged disability discrimination in New York State Supreme Court within three years of the date of the discriminatory acts, despite the explicit notations by both the NYSDHR and the Article 78 Court that such an option was available to her. (*See* Solomon Decl., Ex. I; Ex. L at 8-12.)

3

On March 9, 2017, Plaintiff initiated the present action alleging claims for disability discrimination and asking this Court to reverse the various state court decisions. Defendants now seek dismissal of her Complaint.

## STANDARD ON MOTION TO DISMISS

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, dismissal is proper "when the district court lacks the statutory or constitutional power to adjudicate it." *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). A plaintiff bears the burden of proving subject matter jurisdiction by preponderance of the evidence. *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012); *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting *Makarova*, 201 F.3d at 113). "Jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). Nevertheless, the Court must accept as true all the facts alleged in the complaint. *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009). The Court may consider, in addition to the factual allegations in the complaint, "[t]he documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).

A court lacks subject matter jurisdiction if plaintiff's claim are barred by either the *Rooker-Feldman* doctrine or res judicata. The *Rooker-Feldman* doctrine prohibits federal cases "that essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014). Whereas, "[u]nder res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could

have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citing *Cromwell v. Sac Cty.*, 94 U.S. 351 (1876)).

## DISCUSSION

Defendants' base their motion to dismiss on four arguments. (*See generally* Defendants' Brief in Support of their Motion to Dismiss ("Defs. Br.") (ECF No. 19).) A threshold argument is that the *Rooker-Feldman* doctrine renders this Court without subject matter jurisdiction to hear Plaintiff's case. (*Id.* at 8-10.) Defendants also contend that, irrespective of whether this Court has jurisdiction, Plaintiff's claims are barred by res judicata. (*Id.* at 10-11.) In the alternative, Defendants move to dismiss on grounds that Plaintiff's claims are time-barred and that the Complaint otherwise fails to state a claim for relief. (*Id.* at 7-8, 11-14.) In light of this Court's determination, *infra* I, that it lacks the authority to adjudicate Plaintiff's claims, it declines to ascertain whether dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is proper.

### I. Rooker-Feldman Doctrine

In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), the Supreme Court held that federal district courts lack jurisdiction to review state court judgments because "the jurisdiction possessed by the District Courts is strictly original," and "[t]o [review state court judgments] would be an exercise of appellate jurisdiction." *Id.* at 416. Thereafter, in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), the Court reiterated this rule, holding that a federal district court "has no authority to review final judgments of a state court in judicial proceedings." *Id.* at 482.

Thus, the *Rooker-Feldman* doctrine came to be and explicitly "denies federal district courts . . . jurisdiction over cases that essentially amount to appeals of state court judgments." *Barbato v. U.S. Bank Nat'l Ass'n*, No. 14CV2233, 2016 WL 158588, at *2 (S.D.N.Y. Jan. 12, 2016) (citing *Vossbrinck*, 773 F.3d at 426). To dismiss a claim pursuant to the *Rooker-Feldman*

doctrine, a court must find that: "(1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced." *McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010) (citing *McKithen v. Brown (McKithen I)*, 481 F.3d 89, 97 (2d Cir. 2005)).

Preliminarily, this case is nearly procedurally identical to Plaintiff's previous case against Mercy College. *See Gill*, 2018 WL 1940426, at *1. In that case, Plaintiff sued Mercy College in federal court after attempting to obtain relief from the New York City Commission on Human Rights (the "NYCHR"), an Article 78 proceeding in New York State Supreme Court, the Appellate Division, and the New York Court of Appeals. *Id.* at *1-2. The NYCHR dismissed Plaintiff's claims by finding that the Defendants demonstrated that their actions were based on legitimate, nondiscriminatory reasons. *Id.* at *1. When Plaintiff sought review of this determination, the Article 78 Court dismissed her case as untimely and for failure to exhaust her administrative remedies, and such dismissal was affirmed by the Appellate Division and the Court of Appeals. *Id.* at *2 n. 5. On a motion to dismiss, on the same bases as that presently before the Court, this Court held that the *Rooker-Feldman* doctrine applied, barring this Court from considering Plaintiff's complaint against Mercy. *Id.* at *3. For principally the same reasons articulated in that Opinion, the Court now finds that Plaintiff's case against Nyack is likewise extinguished by operation of the *Rooker-Feldman* doctrine. A brief analysis is nevertheless warranted.

There is no question that Plaintiff's case satisfies the first and fourth elements: Plaintiff lost every state court proceeding she commenced against Defendants prior to filing her Complaint with this Court on March 9, 2017. (*See generally* Compl.; *see also* Solomon Decl., Exs. D F, H-I, K-N.) The Court therefore focuses on the second and third requirements.

6

The second element is fulfilled by Plaintiff's allegation that the Article 78 Court's dismissal of her Petition has injured her. (*See* Compl. at 12.) Moreover, Plaintiff explicitly seeks relief that would require this Court to invalidate and dismiss the state courts' judgments, as she "is asking [the] United States District Court to reverse the decisions the lower courts made." (*Id.* at 26, 12 (noting that "[t]he Appellate Court and Court [of] Appeals is [sic] avoiding the issues in this case).) Thus, the third element is satisfied as well. This Court, however, is only "empowered to exercise original, not appellate, jurisdiction," *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005), and therefore must apply the *Rooker-Feldman* doctrine and dismiss this action, *see Vossbrinck*, 773 F.3d at 427.

## II. Res Judicata

Even if the *Rooker-Feldman* doctrine did not apply, this Court would, nevertheless, lack subject matter jurisdiction to adjudicate the claim as it is precluded by res judicata. Res judicata holds that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Rates Tech. Inc. v. Speakeasy, Inc.*, 685 F.3d 163, 169 (2d Cir. 2012). To substantiate a defense of res judicata, a party must show that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Graham v. Select Portfolio Serv., Inc.*, 156 F. Supp. 3d 491, 509 (quoting *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001)).

In deciding whether res judicata applies, this Court must refer to New York State law "which has adopted a transactional approach to res judicata, barring a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal

theories or seeks dissimilar or additional relief." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).[6]

Res judicata applies to the facts of this case. For purposes of New York law, a dismissal on statute of limitations grounds is considered a dismissal on the merits for purposes of res judicata. *See Hanrahan v. Riverhead Nursing Home*, 592 F.3d 367, 369-70 (2d Cir. 2010); *see also Karamoko v. N.Y.C. Hous. Auth.*, 170 F. Supp. 2d 372, 377 (S.D.N.Y. 2001) (citing *EFCO Corp. v. U.W. Marx, Inc.*, 124 F.3d 394, 397–98 (2d Cir. 1997)). When reviewing the NYSDHR's decision, the Article 78 Court concluded that Plaintiff's claims were time-barred pursuant to Executive Law § 297.5, and thus properly dismissed by the NYSDHR. (*See* Solomon Decl., Ex. L at 10.) Plaintiff's claims were therefore not dismissed "merely for pleading defect, but manifestly on the merits," *Lampert v. Ambassador Factors Corp.*, 266 A.D. 2d 124, (1st Dep't 1999), thereby substantiating the first element of the doctrine of res judicata, *see Graham*, 156 F. Supp. 3d at 509.

The second and third elements of res judicata are also met. It is manifestly clear that the case before this Court involves the exact same parties as those in the NYSDHR adjudication and subsequent state court proceedings. Moreover, Plaintiff asserts the exact same claim in this Court as she did in the Article 78 proceeding; that the NYSDHR should not have dismissed her meritorious discrimination complaint.[7] (*Compare* Solomon Decl., Ex. J *with* Compl. at 26 (alleging that NYSDHR erroneously decided her claim of discrimination against the Defendants

---

[6] Furthermore, the claims unquestionably arise out of "the same factual groupings as" the earlier claims and are thus barred under New York State's transactional approach.

[7] To the extent Plaintiff is asserting substantive claims of discrimination separate and apart from her request that this Court review the decisions of the state court, such claims are time-barred, as properly argued by Defendants. The applicable statute of limitations expired in late 2014, and Plaintiff's federal case was filed in March 2016, well over a year later. *See Harris v. City of New York*, 186 F.3d 243, 247-48 (2d Cir. 1999) (three year statute of limitations for ADA and Rehab Act claims); *see also Fierro v. NYC Dep't of Educ.*, 994 F. Supp. 2d 581, 587 (S.D.N.Y. 2014)(same for Section 1983 claims).

and requests that the Court vacate the NYSDHR's decision).) Consequently, even if the *Rooker-Feldman* doctrine did not apply, res judicata would bar Plaintiff from re-litigating her state court claims in federal court.

## CONCLUSION

For the foregoing reasons, Defendants' Motion is GRANTED, and Plaintiff's Complaint is dismissed with prejudice for lack of subject matter jurisdiction. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Opinion and Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coopedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 17 and terminate the action. The Clerk of the Court is also directed to mail a copy of this Opinion and Order to Plaintiff at her address as listed on ECF and show proof of service on the docket.

Dated: August 1, 2018
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMAN
United States District Judge